UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 17-264(1) (DWF/KMM) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Christopher Michael Jennings, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Christopher Michael Jennings's *pro se* motion for compassionate release.  (Doc. No. 358.)  The United States of America opposes the motion.  (Doc. No. 369.)  For the reasons discussed below, the Court respectfully denies Jennings's motion for compassionate release.

## BACKGROUND

Jennings was charged with conspiracy to distribute a controlled substance, possession with intent to distribute a controlled substance, possession of a firearm by a prohibited person, and distribution of a controlled substance on October 18, 2017.  (Doc. No. 1.)  He pleaded guilty to conspiracy to distribute a controlled substance on February 1, 2018.  (Doc. Nos. 146, 148.)  This Court sentenced Jennings to a 136-month term of imprisonment and a five-year term of supervised release on October 23, 2018.  (Doc. No. 251.)  Jennings is currently incarcerated at FCI Sandstone and has an

anticipated release date of December 6, 2028. Federal Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc (last visited December 5, 2024).

Jennings previously moved for compassionate release in 2020 based on his medical condition, the risks of the COVID-19 pandemic, and his family circumstances. (Doc. No. 290.) This Court denied that motion, finding that neither his family nor his medical circumstances warranted compassionate release. (Doc. No. 311.) Jennings now moves for compassionate release on the grounds that his family circumstances require it.

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). These reasons include: (1) medical circumstances; (2) age-related deterioration; (3) family circumstances; (4) physical or sexual abuse while in custody; (5) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories; and (6) an unusually long sentence. U.S.S.G. § 1B1.13.

If "extraordinary and compelling reasons" exist, a reduction of sentence is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement." *Id.* The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). As the movant, the defendant bears the burden

of establishing that they are eligible for compassionate release. *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

A defendant may move for a sentence reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Specifically, a defendant may move for a sentence reduction only "after (1) the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or (2) the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* The record reflects that Jennings filed relief requests with his warden on April 27, 2022 and February 28, 2023. (Doc. No. 359-1 at 1, 111.) Thus, Jennings's motion is ripe for review.

Jennings moves for compassionate release to care for his nineteen-year-old son, Z.J. Jennings explains that Z.J. "is presently homeless and has accumulated various criminal charges." (Doc. No. 358 at 2.) Additionally, Jennings submitted medical records that indicate Z.J. was a victim of gun violence in November 2020. (Doc No. 359-1 at 6-17.) Jennings also asserts that Z.J.'s mother has abused Z.J., and that abuse has negatively impacted his life. (Doc. No. 358 at 3-4.)

Under the U.S. Sentencing Guidelines Policy Statement, family circumstances qualify as an extraordinary and compelling reason when the defendant establishes "[t]he death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition." U.S.S.G. § 1B1.13(b)(3)(A). Because Z.J. is

nineteen years old, Jennings must show that Z.J. is incapable of self-care because of a disability or medical condition.

Jennings has not provided evidence showing that Z.J. is disabled or that he is incapable of self-care. Z.J. was shot in his right thigh in November 2020, but the records indicate he did not suffer any long-term injuries as a result and he was discharged a day after receiving care. (Doc. No. 359-1 at 22-30.) The records also indicate that he could take care of himself soon after the injury. (*Id.* at 30.) Jennings also asserts that Z.J. has "serious learning disabilities" and that he suffers from trauma and PTSD. (*Id.* at 2-3.) Jennings has not submitted any medical records or other evidence that demonstrates that these alleged conditions render Z.J. incapable of self-care. In conclusion, Jennings has not provided sufficient evidence to show that Z.J. suffers from a disability or medical condition that renders him incapable of self-care. Therefore, Jennings has not met his burden of showing extraordinary and compelling circumstances.

Because the Court concludes that Jennings has failed to show extraordinary and compelling circumstances warranting compassionate release, the Court need not address the § 3553(a) sentencing factors or whether Jennings poses a danger to the community.

Although the Court concludes that Jennings has not carried his burden, the Court commends Jennings for his desire to serve as a positive role model for his son and sympathizes with Z.J.'s desire to have his father return home. The Court acknowledges the serious nature of homelessness and hopes that additional resources will become available. Unfortunately, this is not enough to meet the high bar required for compassionate release.

**ORDER**

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Christopher Michael Jennings's motion for compassionate release from custody (Doc. No. [358]) is respectfully **DENIED.**

Dated:  December 10, 2024           s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge